NATHAN BENJAMIN *vs.* THOMPSON C. WHEELER.

If surveyors of highways, without the previous approbation in writing of the select-men, cause a watercourse occasioned by the wash of the highway to be conducted by the side of the highway and within its limits, in such a manner as to incommode an abutter in the use of his estate, the only remedy is under the Rev. Sts. c. 25, §§ 5, 6.

Selectmen are duly chosen surveyors of highways by a vote of a town "that there be three surveyors of highways for the present year; that they be authorized to contract with persons for keeping the roads in town in repair for the year, and to draw their orders upon the treasurer for the amount of their contracts; the selectmen being said overseers."

*It seems,* that the offices of selectmen and surveyors of highways are not incompatible.

The want of other selectmen does not affect the power of the selectmen of a town, upon being chosen surveyors of highways also, to discharge the duties of surveyors.

An action for an injury occasioned to land of an abutter by the construction, by surveyors of highways, of a watercourse in the highway, cannot be supported by evidence that the work was wantonly and improperly done.

ACTION OF TORT for digging a watercourse in a highway in Egremont in front of the plaintiff's premises in 1854, so as to incommode him in passing to and from his dwelling-house and

barn. Answer, that the selectmen of the town were duly chosen surveyors of highways for that year, and that the defendant's acts were done by their direction and approbation, and were necessary and proper to keep the highway in repair.

At the trial in the superior court at October term 1859 before *Putnam*, J., the defendant introduced the records of the town, which showed that three persons were duly chosen and sworn as selectmen of Egremont on the 3d of April 1854; that the town then passed this vote : " That there be three surveyors of highways for the present year; that they be authorized to contract with person or persons for keeping the roads in town in repair for the year; and that they be authorized to draw their orders on the treasurer for the amount of said contract or contracts; the selectmen being said overseers:" and that the selectmen were then sworn as surveyors. The plaintiff contended that this did not show that the selectmen were chosen surveyors of highways.

The defendant also introduced evidence that the acts complained of were done according to the directions of the selectmen acting as surveyors of highways, but without the selectmen's previous approbation in writing of the construction of the watercourse; and was allowed, against the plaintiff's objection, for the purpose of showing that the selectmen acted as such surveyors during that year, to introduce certain orders on the town treasury, drawn by them as surveyors. Upon this evidence the defendant contended that this action could not be maintained, but that the plaintiff's remedy was under the Rev. Sts. *c.* 25, §§ 5, 6.

The plaintiff contended that, under the Rev. Sts. *c.* 25, in order to authorize the making of watercourses, there must be two distinct boards of officers, selectmen and surveyors of highways; that these offices were incompatible, because the duties and authority of each were such as to require different persons for the performance and exercise thereof; that to empower the surveyors to construct watercourses, they must first have the approbation in writing of the selectmen therefor; that if the two offices could be held by the same persons, all redress under

the statute, by appeal or otherwise, from the surveyors to a distinct board of selectmen, would be taken away; and that by reason of the merger of the two offices in the same persons, and of the incompatibility thereof, and for want of any previous approbation in writing of the selectmen, all the acts and proceedings of the defendant in the premises were without authority and illegal, and so the justification set up by him could not be sustained.

The presiding judge expressed an opinion that the two offices were incompatible, and the acceptance of the second was a resignation of the first, so that the persons would be surveyors of highways and not selectmen; but ruled that the defendant was justified if they were surveyors *de facto;* that if the jury found that, under the above vote of the town, these men were sworn as surveyors, and acted as such during the year, and the defendant acted under their authority, supposing them to be such surveyors, this was a sufficient justification; that it was not necessary that the surveyors should have the written approbation of the selectmen before building a watercourse, under the Rev. Sts. *c.* 25, § 5; that the plaintiff's remedy in this case was under § 6 of that chapter; and that this action could not be maintained.

The plaintiff offered evidence tending to show that the amount of excavation was unnecessary, and that it was wantonly and improperly done; but the judge excluded this evidence, on the ground that the only question was whether the defendant had acted within his authority.

The jury found a verdict for the defendant, and the plaintiff alleged exceptions.

*I. Sumner & J. E. Field,* for the plaintiff.    1. No watercourse can be constructed without previous written authority from the selectmen.    Rev. Sts. *c.* 25, § 5.    The power given by statute to make watercourses is distinct from that to raise or lower or do other acts in repairing highways, and must be distinctly complied with.    Prov. St. 8 Anne, Anc. Cnart. 389. *St.* 1786, *c.* 81, § 1.    Rev. Sts. *c.* 25, § 5.    Gen. Sts. *c.* 44. § 10.

2. The vote of the town does not show that the selectmen were chosen surveyors of highways.

3. The offices of selectmen and surveyors of highways are incompatible; their powers and duties are distinct, and cannot be exercised or performed by the same persons; and the selectmen, having been duly chosen and sworn as such, were ineligible as surveyors. Rev. Sts. *c.* 25, §§ 5, 7, 14, 19. Bac. Ab. Offices and Officers, K. *Brown* v. *Lowell,* 8 Met. 172. *Flagg* v. *Worcester,* 8 Cush. 71. *Porter* v. *Wainwright,* 15 Pick. 439. *Commonwealth* v, *Kirby,* 2 Cush 580. *People* v. *Carrique,* 2 Hill (N. Y.) 93.

4. The acts complained of, having been done without the prerequisite authority, were unjustifiable, and this action lies. 2 Kent Com. (6th ed.) 339. Redfield on Railways, 113. Angell on Highways, § 221.

5. The evidence that the work was unnecessary and was wantonly and improperly done should have been admitted. *Perry* v. *Worcester,* 6 Gray, 547. *Callender* v. *Marsh,* 1 Pick. 428. *Dodge* v. *County Commissioners,* 3 Met. 383. *Miller* v. *Western Railroad,* 4 Gray, 302. *Boyfield* v. *Porter,* 13 East, 210. *Hall* v. *Smith,* 2 Bing. 156. *Jones* v. *Bird,* 5 B. & Ald. 837. *Sutton* v. *Clarke,* 6 Taunt. 29. *Radcliff* v. *Mayor &c. of Brooklyn,* 4 Comst. 195. Angell on Highways, §§ 119–121, 190 *& seq.* 210.

*J. D. Colt,* for the defendant.

HOAR, J. The case of *Elder* v. *Bemis,* 2 Met. 599, has settled the construction of the Rev. Sts. *c.* 25, § 5; and decided that where a surveyor of highways, without the approbation of the selectmen of the town first being had in writing, causes a watercourse, occasioned by the wash of a highway, to be so conveyed by the side of the highway and within its limits as to incommode an abutter in the use of his buildings, the act is not a trespass; and that the only remedy of the person aggrieved is that provided in the fifth and sixth sections of that chapter.

That case is decisive of the present, if the defendant was acting under the authority of surveyors of highways lawfully chosen, and within the scope of their authority. It is not denied that he was acting under the employment and direction of persons who were surveyors of highways *de facto;* but the plaintiff

denies the validity of their election, and their capacity to hold the office, and especially to exercise the functions upon which the defendant's justification depends.

We think the record introduced in evidence establishes a legal election of the surveyors of highways. No particular manner of election is required by law for the choice of those officers. The word "overseers," in the vote of the town, obviously means "surveyors," taken in its connection; and the selectmen were thereby made the surveyors of highways for the year.

But it is farther objected that the selectmen could not be surveyors, because the offices are incompatible. We can perceive no sufficient reason for such a conclusion. Each surveyor of highways is indeed to a certain extent under the direction of the board of selectmen, by whom his district is to be assigned, and his accounts audited. He is also prohibited from acting under certain circumstances which might expose the town to unusual expense or responsibility, without the written consent of the selectmen. The reason of these provisions undoubtedly is, that the board of selectmen is composed of citizens of experience and judgment, in whose wisdom and prudence the town has confidence, and who are entrusted with the conduct of the more important municipal concerns. There are many persons in the various districts of a town competent to direct laborers and take charge of the repairs of a road, who might not be considered fit for more responsible positions. The surveyor usually acts upon his sole responsibility in the discharge of his ordinary duties, while the selectmen act together as a board of public officers. The objects in view would seem to be as well attained when a selectman is also a surveyor.

But if this were not so, and if the acceptance by the selectmen of the office of surveyor were held to incapacitate them from acting further as selectmen, and there were no longer any board of selectmen, competent to act, to whom the plaintiff could complain of the injury done him, it would by no means follow that the surveyors of highways could not proceed in the discharge of their duties. It is no part of their duties to provide

SEPTEMBER TERM 1860. 491

that meetings should be held to fill vacancies in other town offices. If selectmen resign, or refuse to accept the office, any citizen who is interested can take the proper measures to supply their places.

The opinion which we have thus stated disposes of all the exceptions taken by the plaintiff, upon which his counsel have relied at the argument before us, but one, the rejection by the court of the evidence offered to show " that the amount of excavation was unnecessary, and that it was improperly and wantonly done." We think this evidence was rightly excluded, for the reasons given when the case was before us at a previous stage. 8 Gray, 414. The necessity and propriety of the work itself, that is, of the amount of excavation within the highway required for the watercourse, were matters exclusively within the jurisdiction of the town officers, and subject to their determination. The cases cited for the plaintiff are cases of careless and unskilful execution of a work lawful in itself, by which damages have been occasioned. They depend upon a different principle. *Exceptions overruled.*